

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KIMBERLY BLALOCK, QUANCHETA MEADOWS, DOMINIQUE DELOS REYES AND ESMEVALDA GALLEGOS,

    Plaintiffs

v.

CITY OF JOLIET, HICKORY FARMS, INC., AND BRIAN NAGRA,

    Defendants.

No. 08 C 6203

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

The four Plaintiffs allege that their employer, Hickory Farms, Inc., ordered them to a meeting at the corporation's loading docks where they were greeted by several supervisors and a uniformed City of Joliet police officer. According to the Plaintiffs, and much to their surprise, the police officer, Defendant Brian Nagra, searched them and during the course of his search "groped" their breasts and genitalia, all while under the watchful eyes of their supervisors. The Plaintiffs filed this suit and the City of Joliet and Nagra move to dismiss. The Defendants' Motion is wholly lacking in merit and the Court therefore DENIES it.

In response to the Motion to Dismiss, Plaintiffs ask the Court to impose sanctions upon the Defendant, arguing that the motion is frivolous. The Court notes, however, that Plaintiffs never complied with Fed. R. Civ. P. 11(b)(2)'s requirements to make their motion for sanctions in a separate motion and to provide Defendants with 21 days to remove the offending pleading. Accordingly, the Court shall consider whether sanctions are appropriate only under Fed. R. Civ. P. 11(c)(3).

In Counts I and II, Plaintiffs seek judgment against Defendant Nagra for an unreasonable seizure (Count I) and an unreasonable search (Count II) in violation of their rights under 42 U.S.C.

1

§ 1983. Defendants move to dismiss the claims arguing that the Plaintiffs have not sufficiently pleaded *Monell* liability to sustain a claim against the City. It is indeed well settled that a municipality is not vicariously liable under § 1983 for the actions of its employees unless the employee acted pursuant to a municipal policy or custom. *Monell v. Dep't of Soc. Serv. Of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiffs point out, however, that they seek relief in Counts I and II only against Nagra, and not the City, making *Monell* irrelevant.

Perhaps Defendants simply were careless in their review of Plaintiffs' complaint and assumed that Plaintiffs intended Counts I and II to apply to the City as well as the individual officer, as many plaintiffs do (for the municipality frequently has the deeper pockets). After the Plaintiffs pointed out that they brought their § 1983 claims only against the individual officer and not the municipality, Defendants' confusion should have been corrected.

That is not, however, what happened. Instead, the Defendants persist in pursuit of their motion, arguing that only "*now*" do Plaintiffs assert the position that they do not seek municipal liability under § 1983 and that the Defendants' "reading of the complaint led [them] to believe otherwise." Defendants' Reply at 3 (emphasis added). The Complaint, however, could not be any more plain and it clearly seeks judgment for the § 1983 claims only against the officer. To make matters worse, Defendants put forth in their reply an argument that borders the absurd, suggesting that because the Plaintiffs do not press any *Monell* claim that it is "not clear as to how Officer Nagra can be held liable for violating search and seizure policies and procedures." Defendants' Reply at 4. Section 1983 prohibits an individual acting under the color of the law from depriving a person of her rights under the Constitution. 42 U.S.C. § 1983. When a § 1983 claim is brought against an individual, as opposed to a municipality, there is no *Monell* issue. *See Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 467 (7th Cir. 2001).

Next, Defendants move to dismiss Plaintiffs claims for battery, arguing that the Plaintiffs did not state "any specifics regarding an individual claim of battery" or stated "any facts or specifics detailing or supporting each complainant's claim of battery." Nothing could be further from the truth. The Plaintiffs allege that "Nagra groped the Plaintiffs [sic] breasts and genitalia while he conducted the search." The Plaintiffs allege that Nagra searched all four of them and groped all four of them, using the plural and not the singular throughout their complaint. The Court is hard-pressed to imagine a set of facts more clearly demonstrating a battery than to receive unwelcome sexual contact from another person.

Rule 8 of the Federal Rules of Civil Procedure require a "short and plain statement" of the claim that is sufficient to demonstrate that the pleader is entitled to relief and to give the defendant notice of the claim against him. Fed. R. Civ. P. 8(a). Although the Supreme Court recently revisited the federal pleading standard articulated in *Conley v. Gibson*, it made clear that it was not redefining the pleading standard to "require heightened fact pleading of specifics." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 928 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008) (discussing the federal pleading standard under Rule 8, post-*Twombly*); *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773 (7th Cir. 2007) (discussing the pleading standard under Rule 8, post-*Twombly*). Plaintiffs have done so, and Defendants argument to the contrary (and persistence in that argument) is frivolous.

Finally, Defendants move to dismiss Count IV of Plaintiffs' Complaint, which is a *state law respondeat superior* claim. Defendants again argue that Plaintiffs did not plead sufficient facts to establish *Monell* liability and again neglect the plain language of Plaintiffs' Complaint — namely that Plaintiffs seek to recover only with relation to the state law claim (battery) and not their § 1983 claims. Under Illinois law, governmental entities can be responsible for their employees acts in tort. *See Brown*

*v. King*, 328 Ill. App. 3d 717, 767 N.E.2d 357 (Ill. App. Ct. 2002); *Cooper v. Office of Sheriff of Will County*, 333 F. Supp. 2d 728 (N.D. Il. 2004).

Defendants again persist in pursuing a meritless argument even after being alerted to the fact that they were careless in their reading of the Plaintiffs' Complaint. In their reply, Defendants repeat their misapplied mantra that *respondeat superior* has no applicability in a § 1983 claim (wholly ignoring Plaintiffs' clarification that they bring the *respondeat superior* claim only in relation to the *state*-law battery claim and not the § 1983 claim) and also suggest that 65 ILCS 5/1-4-6 provides support for their motion to dismiss. But Section 5/1-4-6 limits a local government's duty to *indemnify* its employees for their acts, and says nothing about *respondeat superior* claims. Defendants' argument that Section 5/1-4-6 somehow defeats Plaintiffs' claims is frivolous.

Defendants' repeated, obstinate refusal to admit that they were careless in their review of Plaintiffs' Complaint and in their preparation of their Motion to Dismiss and their misguided persistence in pursuit of patently frivolous arguments are disconcerting. After review of the Plaintiffs' response to their motion, Defendants had ample opportunity to withdraw it. Instead, they chose not only to pursue it, but to bolster it with additional arguments, which make clear their initial motion was not simply an error of carelessness, but one of malfeasance. Defendants are therefore directed to show cause on or before February 11, 2009, why they should not be sanctioned pursuant to Fed. R. Civ. P. 11(c)(3) both in their decision to file the initial motion and in their decision to file their reply.

IT IS SO ORDERED.

Dated 1/21/09

Hon. William J. Hibbler
United States District Court

4